### REX K. COLLUM *v.* ALAN CHAPIN ET AL.
### (14125)

Lavery, Heiman and Spear, Js.

Argued December 5, 1995—decision released March 5, 1996

*Maureen Donahue,* for the appellant (plaintiff).

*Anthony M. Fitzgerald* and *William C. Franklin,* with whom, on the brief, was *John Boyer,* for the appellees (defendants).

LAVERY, J. The plaintiff appeals from the judgment of the trial court granting the defendants' joint motion for summary judgment. On appeal, the plaintiff claims that the trial court improperly concluded that the plaintiff's action for interference with contractual relations was time barred by General Statutes § 52-577.[1] We affirm the judgment of the trial court.

The following facts were presented to the trial court by way of the pleadings and documents accompanying the motion for summary judgment.[2] The plaintiff is a contractor who proposed to build a new postal facility on land he owned in Washington Depot. In April, 1991, the plaintiff responded to a classified advertisement by the United States Postal Service for a postal facility site. The plaintiff submitted proposals to the Postal Service that were allegedly approved subject to obtaining the required land use permits. The plaintiff alleges that, with knowledge of the "contract" between the plaintiff and the Postal Service, the defendants launched a campaign to interfere with the "contract" and to stop the relocation of the post office to the plaintiff's property.

The plaintiff alleges in his complaint that the defendants (1) sent daily faxes to the Postal Service, (2) circulated petitions requesting the Postal Service to reconsider its site selection, (3) communicated with a Postal Service representative to cause the cancellation of the transaction, and (4) contacted, influenced and intimidated the town zoning and inland wetland com-

---

[1] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[2] The plaintiff argues that the trial court improperly relied on his deposition testimony when deciding the joint motion for summary judgment. While the plaintiff's deposition testimony is not conclusive as a judicial admission; General Statutes § 52-200; it is sufficient to support entry of summary judgment in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact. See Practice Book § 380.

missions to delay the approval of the plaintiff's site. On April 22, 1991, the zoning commission issued its approval of the plaintiff's project. On April 25, 1991, the Postal Service sent a letter to the plaintiff informing him that it had decided to discontinue its search for a site. The letter cited public outcry as one of its reasons for the decision. The plaintiff received the letter from the Postal Service on April 29, 1991.

On April 27, 1994, the plaintiff commenced this action for tortious interference with contractual relations. The defendants moved for summary judgment on the ground that the action was barred by General Statutes § 52-577 because it was instituted more than three years after the alleged tortious act or omission. On September 8, 1994, the trial court issued a memorandum of decision granting summary judgment in favor of the defendants. On September 16, 1994, the plaintiff filed a motion to open the judgment and amend the complaint. The trial court denied both motions. The plaintiff, thereafter, filed this appeal.

We conclude that the trial court properly granted the defendants' motion for summary judgment. "Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." *S.M.S. Textile Mills, Inc.* v. *Brown, Jacobson, Tillinghast, Lahan & King, P.C.*, 32 Conn. App. 786, 790, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). When conducting an analysis under § 52-577, "the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." *Shuster* v. *Buckley*, 5 Conn. App. 473, 477, 500 A.2d 240 (1985). The three year limitation period of § 52-577 begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury. *Fichera*

v. *Mine Hill Corp.*, 207 Conn. 204, 212–13, 541 A.2d 472 (1988).

In this case, the plaintiff commenced an action for tortious interference with contractual relations on April 27, 1994. A claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct. *Robert S. Weiss & Associates, Inc. v. Wiederlight*, 208 Conn. 525, 535–36, 546 A.2d 216 (1988); *Hart, Nininger & Campbell Associates, Inc. v. Rogers*, 16 Conn. App. 619, 629, 548 A.2d 758 (1988). In order for the plaintiff to establish liability for interference with a contractual relationship, the plaintiff must show that the defendants' tortious conduct caused the Postal Service to terminate its relationship with the plaintiff.

Construing the facts in the light most favorable to the plaintiff, the latest date that the defendants could have interfered with the alleged contractual relationship between the plaintiff and the Postal Service was April 25, 1991, because that was the date that the Postal Service wrote the letter to the plaintiff rejecting the plaintiff's proposal.[3] Any tortious conduct subsequent to the Postal Service's letter could not have caused the Postal Service to terminate the relationship. The trial court properly concluded that, at the latest, the three year limitation period of § 52-577 began to run on April 25, 1991.

---

[3] The plaintiff claims that the limitations period began to run on April 29, 1991, when he received the Postal Service's letter. The plaintiff argues that the alleged contract was not canceled until such time as he received notice from the Postal Service according to rules of contract law. Our appropriate inquiry is to determine when the alleged tortious conduct occurred. The decision by the Postal Service not to do business with the plaintiff was final and complete on the day of the letter, April 25, 1991.

The plaintiff argues that the limitation period was tolled by operation of the continuous course of conduct doctrine. The trial court did not address this argument because the plaintiff did not allege in his complaint that the defendants engaged in any activity subsequent to the Postal Service letter. To support his theory, the plaintiff relies on an affidavit filed as part of his opposition to the defendants' motion for summary judgment stating that the defendants continued to engage in tortious conduct after the April 25, 1991 letter.

"A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period. . . . Affidavits are not pleadings, however, and a plaintiff cannot, under the guise of fortifying the complaint, present an entirely new cause of action or expand the scope of his cause of action by means of a counter-affidavit. . . . The issue must be one which the party opposing the motion is entitled to litigate under his pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment." (Citations omitted.) *Shuster* v. *Buckley*, supra, 5 Conn. App. 477. We conclude that the trial court properly declined to address the plaintiff's claim of a continuing course of conduct.

Finally, the plaintiff argues that the trial court abused its discretion by refusing to allow him to amend his complaint after he received the trial court's decision on the motion for summary judgment. A trial court has wide discretion in granting or denying amendments to the pleadings. "Such a ruling can be reversed only on a clear showing of abuse of discretion." *Saphir* v. *Neustadt*, 177 Conn. 191, 206, 413 A.2d 843 (1979); see also *Moore* v. *Sergi*, 38 Conn. App. 829, 835–36, 664 A.2d 795 (1995). "The trial court's refusal to allow a belated amendment to a pleading in response to the filing of a motion for summary judgment by the adverse

party will be sustained unless there is clear evidence of an abuse of discretion. . . . Where, as here, the motion was filed after the court had already ruled in favor of the defendant on its summary judgment motion, its action was clearly justified." (Citation omitted.) *Shuster* v. *Buckley*, supra, 5 Conn. App. 479. We conclude that the trial court did not abuse its discretion by denying the plaintiff's motion for leave to amend his complaint.

The judgment is affirmed.

In this opinion the other judges concurred.