[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike count one of the revised amended complaint on the ground that the revised amended complaint does not allege sufficient facts to support a claim for tortious interference of a contract; and Count two on the ground that the revised amended complaint does not allege sufficient facts to support a CUTPA claim.
On March 3, 1997,[1] the plaintiff filed a two-count revised amended complaint. In count one, the plaintiff seeks to recover for tortious interference with a contractual relationship and alleges the following. The plaintiff and defendant were independent insurance agents licensed to do business in Connecticut. (Revised Amended Complaint, Count One ¶ 1.) The plaintiff has provided an insurance program to Connecticut teachers. (Revised Amended Complaint, Count One ¶ 2.) Originally, this program was sponsored by the Connecticut Education Association. Id. "The book of business which was solicited by the plaintiff included all of the teachers in Connecticut, including CEA members." (Revised Amended Complaint, Count One ¶ 3.) The defendant knew that the information contained in the book was proprietary and confidential. (Revised Amended Complaint, Count One ¶ 4.) Since 1981, the insurance program was underwritten through AIU Insurance Company ("AIU") or its affiliates (Revised Amended Complaint, Count One ¶ 5.) In April 1993, the defendant entered into a contract with AIU and "maliciously sought to appropriate directly or indirectly that portion of the plaintiff's book of business which included CT Page 7884 teachers affiliated with the Connecticut Education Association and thereby tortiously interfered with the plaintiff's contractual relationship with AIU. . . ." Id.
The plaintiff further alleges that this "interference was done with the knowledge of the plaintiff's contractual relationship with AIU . . ., which knowledge was known to the defendants as a result of contact between AIG representatives and the defendant as well as from its knowledge and experience in the industry and one of its own employees who was a former employee of the plaintiff. The actions of the defendant were tortious and malicious, driven by improper motive and/or means in that the defendant knew that confidential information deemed to be proprietary to the plaintiff was contained in computers accessed through AIU . . . which information would be available to the defendant by which it and AIU and its affiliates could seek to appropriate the plaintiff's book of business. Further, the defendant knew that AIU and its affiliates were breaching its fiduciary duty to the plaintiff, which duty emanated from that of the business relationship between the plaintiff and AIU . . . whereby AIU . . . [was] provided confidential and proprietary information in regard to the teachers' account including, but not limited to the expirations of individual teacher's insurance contracts. The defendant aided and abetted AIU and its affiliates in breaching said fiduciary duty by entering into an agreement with Watson whereby the defendant and AIU would solicit the same book of business that had been solicited by the plaintiff and AIU since 1981 and whereby Watson would have access, directly or indirectly, to the confidential, proprietary information including the expiration dates and, further, which relationship between the defendant and AIU sought to limit and prohibit the plaintiff from soliciting any new accounts in the same book of business to be underwritten through AIU . . . ." (Revised Amended Complaint, Count One ¶ 6.)
In count two, the plaintiff incorporates the allegations of paragraphs one through six of the first count and alleges that "the defendant was well aware of the nature and extent of the plaintiff's book of business, and particular the years the plaintiff had spent building up a relationship with Connecticut teachers, including those who were affiliated with the CEA. Notwithstanding the aforesaid, the defendant's action in appropriating plaintiff's book of business, represented an immoral, oppressive, unethical, unscrupulous actions, and caused substantial injury to consumers, competitors and other CT Page 7885 businessmen, thereby violating the Connecticut Unfair Trade Practices Act ("CUTPA") . . . ." (Revised Amended Complaint, Count Two ¶ 7.)
On March 26, 1997, the defendant filed a motion to strike counts one and two of the revised amended complaint and a supporting memorandum of law. On April 1, 1997, the plaintiff filed a memorandum in opposition to the defendant's motion to strike the revised amended complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." (Citations omitted.) RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2.,650 A.2d 153 (1994). "If facts provable under the allegations would support . . . a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 384.
Count One — Tortious Interference with a Contract
The defendant argues that, although the plaintiff has added a significant amount of verbiage to the first count of the revised amended complaint, it has not added any allegations of substance which demonstrate that Watson's conduct was improper or tortious. The defendant further argues that the revised amended complaint does not allege that the defendant owed the plaintiff a duty to refrain from contracting with AIU or that Watson improperly or tortiously enticed AIU into breaching their contract with the plaintiff. The plaintiff counters that, because paragraph 4 of the revised amended complaint describes the proprietary and confidential information at issue and paragraph 6 describes the defendant's improper actions, which constitute a tortious interference with a contract, the first count is legally sufficient.
"[The Supreme Court] has long recognized a cause of action for tortious interference with contract rights or other business relations. . . ." (Citations omitted.) Robert S. Weiss 
CT Page 7886Associates Inc. v. Weiderlight, 208 Conn. 525, 535, 546 A.2d 216
(1988). "A claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendant's tortious conduct. . . ." (Citations omitted.) Collum v. Chapin, 40 Conn. App. 449, 452, 671 A.2d 1329
(1996). "For a plaintiff [to successfully] prosecute such an action it must prove that the defendant's conduct was in fact tortious. . . ." (Citations omitted.) Robert S. Weiss Associates, Inc. v. Weiderlight, supra, 208 Conn. 536. "This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously. . . ." (Citation omitted.)Id. However, not every act that disturbs a contract is actionable. Id., 535-36. "A plaintiff is guilty of tortious interference if he has engaged in improper conduct. . . ." (Citations omitted.) Golembeski v. Metichewan Grange No. 190,20 Conn. App. 699, 702, 569 A.2d 1157, cert. denied, 214 Conn. 809,573 A.2d 320 (1990). The plaintiff is required to plead at least some improper motive or improper means. Robert S. Weiss Associates, Inc. v. Wiederlight, supra, 208 Conn. 536; Blake v.Levy, 191 Conn. 257, 261, 464 A.2d 52 (1983). "A claim is made out only when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself. . . ." (Citations omitted.) Robert S. Weiss Associates,Inc. v. Wiederlight, supra.
Because count one of the revised amended complaint alleges that the defendant sought to appropriate information that he knew was confidential and proprietary, the plaintiff has alleged sufficient facts to support its claim that the defendant acted maliciously. Thus, the element of tortious interference is properly alleged. Additionally, the revised amended complaint alleges that the plaintiff had a contractual relationship with AIU, that the defendant was aware of this relationship, that the defendant intended to interfere with the plaintiff's relationship with AIU,[2] and that, as a result of the defendant s tortious interference with the plaintiff's relationship with AIU, the plaintiff suffered a loss. See Revised Amended Complaint ¶¶ 4, 5, 6. Therefore, count one of the revised amended complaint is legally sufficient. Accordingly, the defendant's motion to strike count one of the revised amended complaint is denied. CT Page 7887
Count Two — CUTPA
The defendant argues that count two of the revised amended complaint is insufficient for the same reason that count two of the original complaint was insufficient; namely, count two of the original complaint fails to allege facts demonstrating that the defendant engaged in any unfair method of competition or unfair or deceptive practice. The plaintiff counters that allegations that will support a claim for tortious interference with a contract will also support a claim under CUTPA. See Sportmen'sBoating Corporation v. Hensley, 192 Conn. 747, 756-57,474 A.2d 780 (1984) ("Provided a plaintiff shows that his or her claim is cloaked with the necessary public interest, it is difficult to conceive of a situation where tortious interference would be found but a CUTPA violation would not.")
"It is well settled that in determining whether a practice violates CUTPA [the Supreme Court has] adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers competitors or other businessmen." (Brackets omitted; citations omitted; internal quotation marks omitted.) Fink v. Golenbock, 238 Conn. 183, 215,680 A.2d 1243 (1996). "Thus a violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy." (Citations omitted.) Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 726,652 A.2d 496 (1995).
Because the second count of the revised amended complaint incorporates the allegation of a sufficient claim for tortious interference of a contract and alleges injury to other businessmen, the plaintiff has alleged sufficient facts to support its CUTPA claim.
Therefore, count two of the revised amended complaint is legally sufficient and, accordingly, the court denies the defendant's motion to strike count two of the revised amended CT Page 7888 complaint.
Hennessey, J.