[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT CLAYTON ADAMS' MOTION FOR SUMMARY JUDGMENT
This is a civil action in which the plaintiff Ferdinand Benoit and his minor children, Jerry Benoit and Delta Benoit, seek to recover damages for personal injuries allegedly sustained by the plaintiff minor children as a result of exposure to toxic levels of lead while residing at 79 Henry Street in Stamford, Connecticut, from the time of their births until March 2, 1990, when the family had to vacate the premises pending removal of the lead-based paint. This action was commenced in 1992 against Terry Adams, Clayton Adams and August Lenhart. According to the allegations of the complaint, the property was owned by August Lenhart from 1978 until 1982; Clayton Adams and Terry Adams bought the property from Lenhart in 1982. Clayton Adams conveyed his interest in the property to Terry Adams by quitclaim deed in April 1988 (¶ 4, Revised Complaint).
The court (Rush, J.) granted defendant Lenhart's motion for summary judgment on September 2, 1993, on the ground that the claim as against him was barred by the relevant statutes of limitations, because he had no interest in the property since 1982, more than three years prior to the filing of the claim. Clayton Adams now brings this motion for summary judgment on the same ground. Since he quitclaimed his interest in the property in April 1988, he argues that the claim against him is barred by the provisions of General Statutes § 52-577, which requires that an action upon a tort be brought "within three years from the date of the act or omission complained of" and by the provisions of General Statutes § 42-110g(f), which requires that an action under CUTPA be brought not "more than three years after the occurrence of a violation of this chapter."
There is no significant distinction between the "act or omission" language in one statute and the "occurrence of a violation" language in the other. Fichera v. Mine Hill Corp.,207 Conn. 204, 213, 541 A.2d 472 (1988). The three year statute of limitations begins to run on the date of the conduct that caused the harm. Collum v. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329
(1996): S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast,Lahan King, P.C., 32 Conn. App. 786, 790, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). In this case, the plaintiffs allege that hazardous lead conditions existed on the interior and exterior surfaces of the premises throughout their tenancy giving rise to certain duties on the part of Clayton Adams. However, if he relinquished his control over the premises he would no longer have a duty to the plaintiffs. See Gore v. People'sSavings Bank, 235 Conn. 360, 373, 665 A.2d 1341 (1995); Payne v.CT Page 9792Candelora, Superior Court, judicial district of New Haven, Docket No. 325370 (April 4, 1997, Lager, J.). Thus, the last possible date that Clayton Adams could have engaged in any act or omission which breached any duty to the plaintiffs is the date he relinquished control over the premises.
The plaintiffs argue that there is a genuine issue of material fact regarding whether Clayton Adams retained an interest in the property after April 1988. They claim the quitclaim deed was a sham conveyance because there was no consideration for the transfer, Clayton remains on the mortgage with Terry, Terry never removed Clayton's name from the joint bank account used for the property, Terry intends to give Clayton something out of the proceeds if the property is ever sold and Clayton performed maintenance at the property after the date of the quitclaim.[1]
At oral argument, the plaintiffs agreed that to render the quitclaim null would require a showing of fraudulent conveyance, which has not been alleged. The plaintiffs conceded, however, that the facts of this case do not meet the requirements of fraudulent conveyance because there is not the necessary creditor-debtor relationship. See Travelers Indemnity Co. v. Rubin, 209 Conn. 437,440, 551 A.2d 1220 (1988); Murphy v. Dantowitz, 142 Conn. 320, 324,114 A.2d 194 (1955). The plaintiffs fail to assert any other legal theory to support their claim that the quitclaim deed was ineffective to transfer Clayton Adams' interest to Terry Adams and that he still retained control over the premises after April 1988.
"The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-06,679 A.2d 945 (1996). The plaintiffs have failed to provide an adequate evidentiary foundation to raise a genuine issue of material fact regarding the conveyance of Clayton's interest to Terry by way of quitclaim deed.[2]
The fact that Clayton Adams quitclaimed his interest in the premises on April 28, 1988 is undisputed. Since this action was brought against him more than three years after that date, the defendant Clayton Adams' motion for summary judgment is granted CT Page 9793
LINDA K. LAGER, JUDGE