[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Frederick and Stanley Wisniewski, filed a complaint sounding in legal malpractice against the defendant, Geoffrey Brandner, an attorney. The plaintiffs allege in their complaint that the defendant represented them in a prior legal action brought by Robert Nielsen, in which they did not prevail. Nielsen is not a party in the present action.[1] The plaintiffs claim that the defendant "neglected to produce and offer into evidence[,] on the trial of the action[,] testimony [of certain witnesses] despite the request of the plaintiffs and despite the witness availability." The plaintiff also alleges that the defendant "in violation of his duty, neglected to demand proof of [Nielsen's] income . . . [and] neglected to offer evidence concerning [various items relating to Nielsen.]: The plaintiffs' complaint states that, following an appeal, they were required to pay a judgment of approximately $158,000.00
The defendant has filed a motion (#102) for summary judgment on the sole ground that General Statutes § 52-577 time bars the plaintiffs' claim. Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384;Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715, 447 A.2d 752
(1982).
General Statutes § 52-577 states: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
"[General Statutes §] 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or CT Page 11421 omission complained of occurs. . . . When conducting an analysis under § 52-577, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed. . . . . The three year limitation period of § 52-577
begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury." (Citations omitted; internal quotation marks omitted.) Collum v.Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996). See alsoFichera v. Mine Hill Corporation, 207 Conn. 204, 212,541 A.2d 472 (1988).
In the present case, it is undisputed that the act or omission complained of by the plaintiffs is that the defendant failed to call certain witnesses and to introduce certain evidence during trial. It is also undisputed that the trial ended on January 10, 1991. Therefore, the latest date that the omission complained of could have occurred is January 10, 1991. The present action was not brought until April of 1994. April of 1994 is more than three years after January 10, 1991. Therefore, it appears initially that this action is time barred by General Statutes § 52-577.
The plaintiffs argue, however, that the appeal of the judgment was a continuing course of conduct effectively tolling the three year statute of limitations. The plaintiffs also argue that until the Appellate Court ruled against the plaintiffs, they could not realize their potential cause of action. In sum, the plaintiffs are arguing for the application of the "continuous representation rule."
Prior to 1993, the continuous representation rule had not been discussed in an opinion by our Appellate Courts. "In other jurisdictions, the `continuous representation rule' has been defined as follows: it `tolls the statute of limitations or defers accrual of the cause of action while the attorney continues to represent the client and the representation relates to the same transaction or subject matter as the allegedly negligent acts.'. . ." (Citation omitted.) S.M.S. Textile v.Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 791, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296
(1993).
The plaintiff in S.M.S. Textile, supra, 793, argued that "the CT Page 11422 foundations for the adoption of the continuous representation rule were laid in our Supreme Court's opinion in Fichera v. MineHill Corporation, [supra, 207 Conn. 204]." The S.M.S. Textile
court, however, neither explicitly accepted nor rejected the "continuous representation rule." Id., 793.
"In [I]n order [t]o support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. . . ." (Internal quotations omitted.) Blanchette v. Barrett, 229 Conn. 256, 275,640 A.2d 74 (1994), quoting Fichera v. Mine Hill Corporation,supra, 207 Conn. 209-10.
In the present case, it is undisputed that the defendant continued to represent the plaintiffs after the omission of which they now complain. Specifically, the defendant represented the plaintiffs during the appeal process. This fact is evidence of "a special relationship between the parties giving rise to such a continuing duty." Blanchette v. Barrett, supra, 229 Conn. 275. The duty owed by the defendant to the plaintiffs, according toBlanchette, remained in existence after commission of the original wrong related thereto. Therefore, the statute of limitations was tolled until the continuing duty owed by the defendant to the plaintiffs ceased to exist.
The appeal was decided on July 20, 1993. The action was filed on May 4, 1994. May of 1994 is well within three years from July of 1993. Therefore, the plaintiffs' action is not time barred. Accordingly, the defendant's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of November, 1997.
WILLIAM BURKE LEWIS, JUDGE CT Page 11423