[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS MOTION FOR SUMMARY JUDGMENT #116
The plaintiff, Nancy Hoskins, has filed this three count amended complaint against Titan Value Equities Group, a broker/dealer of securities, and Ellen Lefferts Schowalter, a licensed representative for securities transactions. In count one, the plaintiff alleges that the defendant Schowalter breached her fiduciary duty by advising the plaintiff to invest in securities which were unsuitably illiquid and risky and by failing to disclose the defendant's interest in distributing these securities, including the defendants relatively high commission rate. In count two, the plaintiff substantially re-alleges the facts asserted in count one, alleges in addition that the defendant orally represented that the securities were suitable, and brings a claim for misrepresentation. In count three, the plaintiff realleges the facts asserted in counts one CT Page 4475 and two and claims that the defendant Schowalter was not faithful to the agreed upon purpose of the parties, thereby breaching the implied covenant of good faith and fair dealing.
The defendants have filed an answer and four special defenses, including, inter alia, one based on the statute of limitations. The defendants have now moved for summary judgment, based on their contention that each of the plaintiff's claims is barred by the applicable statute of limitations.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . .";Burns v. Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257
(1984); and "where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." Collum v. Chapin,40 Conn. App. 449, 451, 671 A.2d 1329 (1996).
The defendants argue that each of the asserted counts — breach of fiduciary duty, misrepresentation, and breach of the implied covenant of good faith and fair dealing — sounds in tort and is governed by the three year statute of limitations period set forth in General Statutes § 52-577. They reason that the acts or omissions giving rise to each of these counts are based upon Schowalter's alleged failure to disclose certain risks and her purported misrepresentations regarding the amount of income the investments could be expected to produce. The failure to disclose and misrepresentations occurred no later than the time that the investments were purchased, which was on or about June 21, 1990, they argue, and the action was commenced on March 31, 1995, more than three years after the alleged wrongdoing occurred.[1] They therefore claim that they are entitled to judgment in their favor because all three counts are barred by General Statutes § 52-577.
The defendants argue further that even if the statute of limitations did not begin to run until the plaintiff discovered that she had these causes of action, this discovery occurred no later than the summer of 1991, when another investment adviser told her that these investments were unsuitable for her. Even using this date, the action would only have been timely if it had CT Page 4476 been brought by the summer of 1994.
The plaintiff contends that the broker/customer relationship is a contractual one, and because every contract imposes a duty of good faith and fair dealing, a breach of the implied covenant of good faith and fair dealing is governed by the six year statute of limitations pursuant to General Statutes § 52-576. She also cites Harman v. Bench Securities Corp. , Superior Court, judicial district of New London at New London, Docket No. 534266, (January 22, 1998, Handy, J.), for the proposition that discovery of actionable harm commences the running of a statute of limitations. The plaintiff alternatively suggests that the running of the statute of limitations period should be tolled because of the defendants fraudulent concealment, General Statutes § 52-595, which she claims consists of "the falsehoods told to [the plaintiff] at the time of the transaction" and "the pattern of improper conduct with respect to other customers" of Schowalter, which unspecified improper conduct, the plaintiff submits, is to be developed as discovery progresses. The plaintiff further suggests that if active concealment is not found, the statute should be tolled until the plaintiff "would in reasonable course learn of the cause of action.
Finally, the plaintiff argues that her breach of fiduciary duty claim (count three) is an equitable claim. She maintains that she discovered the defendants nondisclosures in 1995, when she first consulted with her present attorney. She reasons that pursuant to the doctrine of laches, this action was neither commenced after an unreasonably long period after discovery, nor did it cause prejudice to the defendants. This argument, however, is plainly without merit. Claims seeking damages for breach of contract, breach of fiduciary duty and negligence are indisputably legal in nature. Northeast Savings, F.A. v. PlymouthCommons Realty Corp. , 229 Conn. 634, 642, 642 A.2d 1194 (1994).
General Statutes § 52-577 provides in pertinent part: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "All common law tort claims, including claims for fraud, negligent misrepresentation, and breach of fiduciary duty, are subject to a three-year statute of limitations, which runs from the date of the act or omission complained of." In re Colonial Ltd.Partnership Litigation, 854 F. Sup. 64, 90 (D. Conn. 1994). SeeHalbrecht v. Prudential-Bache Properties, Inc., No. CIV.H. 90-799, 1992 WL 336757, at *4 (D. Conn. July 25, 1991) (finding securities CT Page 4477 claims sounding in fraud, negligence and breach of fiduciary duty governed by the three year statute of limitations set forth in General Statutes § 52-577.). In addition, "[the] applicable statute of limitations when claiming a breach of the implied covenant of good faith and fair dealing is 52-577. . . ." Tedfordv. Moukawsher, Superior Court, judicial district of New London at New London, Docket No. 102212, (March 16, 1998, Handy,J.) (finding that absent a good faith provision in real estate sale contract, any implied covenant of good faith and fair dealing is a tort duty); Kent v. Avco Corp. , 849 F. Sup. 833, 835
(D. Conn. 1994) ("Claims involving a duty of good faith are treated as torts and governed by Connecticut's three-year statute of limitations.")
In securities fraud cases, the act or omission that triggers the running of the statute of limitations "occurs when the investor receives documents containing false or misleading information." (Internal quotation marks omitted.) Gibbons v. NERHoldings, Inc., supra, 983 F. Sup. 310, 314 (D. Conn. 1997) (finding investor's misrepresentation claim untimely as brought four years after receiving the allegedly misleading information and almost one year after expiration of the three year statute of limitations.); Halbrecht v. Prudential BacheProperties, Inc., supra, 1992 WL 336757, at *4; Miller v.Grigoli, 712 F. Sup. 1087, 1092-93 (S.D.N.Y. 1989). The defendants' contention that counts one, two and three are each governed by the three year statute of limitations set forth in General Statutes § 52-577 is therefore correct. The act or omission giving rise to each of the asserted counts is the defendants' alleged failure to disclose the risks associated with the partnership investments and their alleged interest in distributing these particular partnership interests. The plaintiff makes no claim that the wrongful conduct continued after the investments were purchased. Counts one, two and three are therefore barred by the three year statute of limitations, as the acts or omissions giving rise to these claims occurred no later than approximately June 21, 1990, when the investment purchases were made, or at worst, when the plaintiff consulted with her financial planner, Nancy Penhune, during the summer of 1991, nearly four years before this action was filed.
There is no merit to the argument that the statute of limitations should be tolled because of the defendants' "fraudulent concealment". Pursuant to General Statutes § 52-595, where a party who is liable on an action to another fraudulently CT Page 4478 conceals that cause of action, "such cause of action shall be deemed to accrue . . . when the person entitled to sue thereon first discovers its existence." "[P]laintiffs seeking to toll the statute of limitations on the basis of fraudulent concealment must show that the [defendant's] conduct or representations [was] directed to the very point of inducing a delay in the bringing of a lawsuit to a time which the defendant thereafter claims bars the action as not brought within the statute of limitations. . . . Further, plaintiffs must have been ignorant of the existence of their right of action, and the defendants must have intended, through their conduct, that plaintiffs be kept in ignorance."Halbrecht v. Prudential-Bache Properties, Inc., supra, 1992 WL 336757, at *4 "The evidentiary burden to establish fraudulent concealment in Connecticut is not an easy hurdle to overcome. A plaintiff will not prove fraudulent concealment through evidence that it was more likely than not that the defendant had concealed the cause of action. . . . Fraudulent concealment must be strictly proven with clear, precise and unequivocal evidence." (Citations omitted; internal quotation marks omitted.) Gibbons v. NERHoldings, Inc., supra, 983 F. Sup. 316.
The plaintiff cites as acts of concealment "the falsehoods told to the [plaintiff] at the time of the transaction" and "the pattern of improper conduct with respect to other customers of" Schowalter. The defendants' alleged failure to disclose the investment risks and their interest in distributing these investments, however, does not amount to "conduct or representations . . . directed to the very point of inducing a delay in the bringing of a lawsuit. . . ." Halbrecht v.Prudential-Bache Properties, Inc., supra, 1992 WL 336757, at *4. While the plaintiff argues that she was not provided with the prospectuses before the investment purchases, to establish that the defendants sought to keep her ignorant of her right of action, she would have to raise a triable issue of fact as to the defendants' failing to provide the prospectuses for the full statute of limitations period. She does not. See Dodds, v. CignaSecurities, Inc., 12 F.3d 346, 352 (2d Cir. 1993) ("Because receipt of the prospectuses alone put [the plaintiff] on constructive notice of her claims, the allegations in question do not amount to fraudulent concealment."); Coatney v. E.F. Hutton,Inc., 991 F. Sup. 1026, 1032 (2d Cir. 1993) ("An investor may not justifiably rely on a misrepresentation if, through minimal diligence, the investor should have discovered the truth.") Additionally, as a matter of law, the claimed "pattern of improper conduct with respect to other customers" of Schowalter CT Page 4479 can not amount to "conduct or representations . . . directed to the very point of inducing a delay" in the bringing of this lawsuit.Halbrecht v. Prudential-Bache Properties, Inc., supra, 1992 WL 336757, at *4. The plaintiff's speculations about prior suits against the defendants regarding similar transactions does not amount to the "clear, precise and unequivocal evidence" needed to prove fraudulent concealment.; Gibbons v. NER Holdings, Inc., supra,983 F. Sup. 316, and her musings about what might turn up as the result of additional discovery do not raise a genuine issue material of material fact that would serve to defeat summary judgment.
The defendants' motion for summary judgment as to the entire complaint is granted for the reason that each of its counts is barred by the statute of limitations.
Jonathan E. Silbert, Judge