[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The issue in this motion involves the application of General Statutes § 52-592, the accidental failure of suit' statute. The plaintiff, Georgia Receivables, commenced the present action on June 2, 1998. The complaint alleges that the defendant, James Rapaport, defaulted on a note payable to Georgia Receivables and that the plaintiff made a demand for payment pursuant to its acceleration rights but the defendant refused to pay. The defendant filed a special defense that the plaintiff's claim is barred by the statute of limitations and, by this motion, seeks summary judgment thereon.
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368, ___ A.2d ___ (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citations omitted; internal quotation marks omitted.) Id. "Summary judgment may be granted where the claim is barred by the statute of limitations."Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996) "A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." Collum v. Chapin,
CT Page 468140 Conn. App. 449, 453, 671 A.2d 1329 (1996). Therefore, when there are circumstances that impede the application of the limitations period, as is the case here, summary judgment is improper.
Certain undisputed facts are pertinent to resolving this issue. Georgia Receivables commenced an action against this defendant ("original action") on December 21, 1994. On December 12, 1997, the court dismissed that action pursuant to Practice Book § 251 (now §14-3). The plaintiff filed, and withdrew a second action, and a third action ("present action") commenced on June 2, 1998. For the purposes of this motion, the parties agree the cause of action accrued on April 13, 1992, when the FDIC first demanded payment on the note. They further agree that the applicable statute of limitations is six years.
Rapaport argues that Georgia Receivables' claim is barred because it originated more than six years after the cause of action accrued. Rapaport further argues that the claim can not be "saved" by § 52-592
(a) because the court dismissed the original action for "egregious" conduct. Georgia Receivables argues that it commenced the present action within one year of the disposition of the original action, and therefore the statute of limitations does not bar its claim.
General Statutes § 52-592 (a) provides in relevant part, "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of . . . any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . ." "[I]n the context of § 52-592 (a), `original action' is used to refer to the first action filed by the plaintiff within the period of the applicable statute of limitations." (Emphasis omitted.) Peabody N.E., Inc. v. Dept. ofTransportation, 250 Conn. 105, 123, 735 A.2d 782 (1999). The Supreme Court has held that "disciplinary dismissals are not excluded categorically from the relief afforded by § 52-592 (a)." Ruddock v.Burrowes, 243 Conn. 569, 576, 706 A.2d 967 (1998). If the conduct that warranted the dismissal was egregious and not a matter of simple neglect or mistake, the remedial statute will not be available to save an action. See id. 577.
According to the plaintiff's affidavit, the original action "was delayed as various motions awaited hearing, and the case was dismissed under [dormancy]." The defendant, in turn, argues that multiple dismissals, including a dismissal for a failure to prosecute and a failure to obey a court order, constitute egregious conduct. These assertions of fact are made without any supporting documentation, admissible in court, upon which the court can rely. CT Page 4682 "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554, 707 A.2d 15 (1998). The defendant has failed to show that the plaintiff's past conduct was egregious.
The original action commenced on December 21, 1994 and the applicable statute of limitations ran on April 13, 1998. Hence, Georgia Receivables filed the original action within the time limit allowed. That original action was dismissed on December 12, 1997 and the present action commenced on June 2, 1998, within one year of the disposition of the original action. Accordingly, the court denies the motion for summary judgment because the action falls within the ambit of General Statutes § 52-592 (a).
So Ordered.
 ___________________ D'ANDREA, J.