[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The apportionment defendant, Stephen Dolat, has moved for summary judgment as to the apportionment complaint brought by the defendant in the case Fitness Nutrition AKA. He has also moved for summary judgment on the complaint against him brought by the plaintiffs, Christopher Harper, PPA Doris Harper. Dolat alleges that there is no genuine issue of material fact as to his liability and that he is entitled to judgment as a matter of law. He was the coach of the soccer team of which Christopher was a player.
Dolat submits excerpts of deposition of Doris Harper and Christopher Harper as evidence that he was not negligent.
 Facts
CT Page 15006
On March 1, 1998, Christopher Harper was a member of an indoor soccer team using a facility owned and operated by Fitness Nutrition AKA. Near the end of the game, he was no longer playing and wanted to use a restroom. Her asked Dolat for permission to go. Dolat gave him permission. In his deposition, Christopher says on page 31, that Dolat gave him permission and on page 45 he says that Dolat told him not to go. In either event, the only allegation against Dolat is that he coached the team and gave Christopher permission to go to the restroom.
While on his way to the restroom, several sheets of plexiglass that had been leaning against a wall fell on him causing his injuries. There are no claims against Dolat of negligence other than that he gave Christopher permission to go to the restroom that are supported by evidence which consists only of deposition excerpts from the deposition of Christopher and Doris Harper.
 Discussion
The test for granting summary judgment is whether a party would be entitled to a directed verdict on the same facts and evidence. Connellv. Colwell, 214 Conn. 242, 246-47 (1990).
The defendant's apportionment complaint makes various allegations of negligence against Dolat, however, none of the allegations are supported by any evidence. Therefore, the facts submitted by Dolat are not contradicted. Inasmuch as the only evidence submitted establishes no negligence on the part of Dolat, the court must find in his favor.
The apportionment plaintiff, however, claims that the case of Fogartyv. Rashaw, 193 Conn. 442, 446, 476 (1984) supports the proposition that uncertified copies of depositions cannot be relied upon to support a motion for summary judgment. However, later cases such as Collum v.Chapin, et al, 40 Conn. App. 449 (1996) have held that deposition testimony is sufficient to support entry of summary judgment in the absence of contradictory competent affidavits that establish a genuine issue of material fact. In the instant case this is especially true since the depositions of Christopher and Doris were taken by counsel for the apportionment plaintiff, Fitness Nutrition AKA.
Judgment must, therefore, enter for Dolat on the apportionment complaint and also on the complaint of the plaintiffs.
D. Michael Hurley, Judge Trial Referee