[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION RE: JANAZZO HEATING AIR CONDITIONING, INC.'S MOTION FOR SUMMARY JUDGMENT (#251.50)
The court, in its memorandum of decision dated June 20, 2001, granted the motion for summary judgment filed by Janazzo Heating and Air Conditioning, Inc. (Janazzo), and dismissed Shoreline's claims against Janazzo contained in the tenth, eleventh and twelfth counts of the operative complaint. The plaintiff Shoreline on June 28, 2001, filed a motion to reargue, which was granted by the court on July 5, 2001. The motion to reargue was granted because, as the plaintiff correctly pointed out, the court in its memorandum of decision, footnote 4, page 12, declined to apply the statute of limitations set forth in General Statute § 52-584(a) on the authority of R.A. Civitello Co. v. City of NewHaven, 6 Conn. App. 212 (1986). That case had been overruled by an amendment to § 52-584(a), as set forth in Grigerik v. Sharp,247 Conn. 293, 304-305 (1998).
If General Statute § 52-584(a) is the applicable statute of limitations, the negligence claim of count eleven and the CUTPA claim of count twelve would not be untimely. Section 52-584(a)(2) provides in pertinent part that:
 No action . . . shall be brought against any architect, professional engineer . . . performing or furnishing the design, planning . . . or construction of . . . such improvement more than seven years after substantial completion of such improvement.
The negligence claim alleged against Janazzo in the fourth amended complaint (#171) sets forth the following: CT Page 11584
 Paragraph 41: "At all times mentioned herein, Janazzo held itself out to the public and to SCLP [the plaintiff] as a mechanical contractor possessing the requisite knowledge, skill and experience to construct and install HVAC systems. . . ."
 Paragraph 43: "Janazzo owed SCLP a duty to perform . . . with the requisite knowledge, skill, care and ordinary prudence of a skilled mechanical contractor in like circumstances."
Paragraph 44: "Janazzo breached said duty. . . ."
The CUTPA count incorporates such allegations.
The construction project that underlies this litigation involved a general contractor (Weitz), an architect (TPA), and consulting engineers (Jansen Rogan) who designed the heating, ventilation and air conditioning (HVAC) system.
Weitz, the general contractor on the project, subcontracted with Janazzo to furnish the labor, materials and equipment for the installation of the HVAC system.
The pleadings nowhere allege that Janazzo performed the services of an architect or a professional engineer on the project. The only evidence proffered by the plaintiff is the fact that Janazzo employed an engineer who may have worked on the project.
In a similar case, Sandvig v. A. Dubreuil and Sons, Inc., Superior Court, judicial district of New London at Norwich, Docket No. 104218S (March 29, 2000, Parker, J.), the court recognized:
 It has been held, in the context of the summary judgment proceeding involving the statute of limitations, that material in an affidavit cannot enlarge a cause of action beyond what is in the complaint.
Id., citing Collum v. Chapin, 40 Conn. App. 449, 453 (1996).
Section 52-584(a) is not applicable to Janazzo in that this party was not employed in this project as an "architect, professional engineer, or land surveyor."
The motion for summary judgment is granted as to Shoreline's complaints against Janazzo contained in the tenth, eleventh and twelfth counts of CT Page 11585 the complaint.
ROBERT F. McWEENY, J.