[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO STRIKE #102.00
FACTS
The plaintiff, John H. Anderson, was arrested on October 25, 1997. The charge was dismissed by the court on August 19, 1998. The the present action was commenced by service of process upon the defendant, Stephen Kubish, on December 28, 2000. The plaintiff alleges that the accusations against him and his arrest and prosecution resulted in a malicious prosecution. Accordingly, the plaintiff seeks compensatory and punitive damages.
The defendant filed an answer and three special defenses to this action on March 15, 2001. The plaintiff filed a motion to strike the first special defense, which alleges that the action is barred by the provisions of General Statutes § 52-577, and a supporting memorandum on March 22, 2001. A memorandum in opposition to the motion was timely filed by the defendant.
DISCUSSION
The purpose of a motion to strike is to contest "the legal sufficiency of any answer to any complaint . . . including any special defense contained therein. . . ." Practice Book § 10-39; Nowak v. Nowak,175 Conn. 112, 116 (1978); see also Connecticut National Bank v. Voog,233 Conn. 352, 354-55 (1995). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. UnitedTechnologies Corporation, 240 Conn. 576, 580 (1997).
Connecticut recognizes a cause of action for malicious prosecution. SeeMcHale v. W.B.S. Corporation, 187 Conn. 444, 447 (1982). "An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of CT Page 12035 criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." Id.
The parties have not cited, nor has the court found, any case law in Connecticut regarding the statute of limitations in the context of a malicious prosecution action. Because, however, vexatious litigation claims are regarded as a "type of malicious prosecution action;"Vandersluis v. Weil, 176 Conn. 353, 356 (1978); the court can, therefore, apply the principles set forth in such cases by analogy.
A cause of action for malicious prosecution does not accrue until the underlying action is terminated in the plaintiff's favor. Gionet v. CraftMagic, Inc., Superior Court, judicial district of Norwich, Docket No. 115480 (June 14, 1999, Hurley, J.T.R.); Balletti v. Alter, Superior Court, judicial district of Hartford at Hartford, Docket No. 541996 (Sept. 25, 1998, Peck, J.). The applicable statute of limitations, General Statutes § 52-577, states: "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." This is an occurrence statute and may run before a cause of action accrues. Shea v. Chase Manhattan Bank, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149647 (July 27, 2000, Tierney, J.) (27 Conn. L. Rptr. 579), citing Collum v.Chapin, 40 Conn. App. 449, 451 (1996); see also Balletti v. Alter, supra, Docket No. 541996.
There is one Superior Court decision holding that there was a question of fact as to whether statute of limitations was tolled under the continuing course of conduct doctrine; see Heid v. Lyons, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 338856 (Nov. 16, 2000, Melville, J.) ("the defendant `prosecuted' or `maintained' the prior action until . . . the court rendered judgment . . ."); and another wherein it was reasoned that the maintenance of such a suit could itself be the act or omission complained of. See Shea v.Chase Manhattan Bank, supra, 27 Conn. L. Rptr. 582. Here, the plaintiff has not alleged a continuing course of conduct, nor does the complaint allege that the maintenance rather than the commencement of this suit was itself a tortious act.
Accordingly, the plaintiff's motion to strike the first special defense is denied.
Cremins, J. CT Page 12036