[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT HOSPITAL ST. RAPHAEL'S MOTIONS FOR SUMMARY JUDGMIENT NOS. 149, 150
CT Page 6208
 I PROCEDURAL HISTORY
The plaintiffs, Roger and Raymond Michaud, as co-executors of the estate of their mother, Muriel Michaud (decedent), commenced this action against the defendants, Hospital of St. Raphael and Dr. Charles Beckman, on June 18, 1999. In their third amended complaint dated September 14, 2000, the plaintiffs allege that the decedent employed Beckman for the purpose of treating her for coronary artery disease and to perform a coronary artery triple bypass. Beckman hospitalized the decedent at the Hospital of St. Raphael from January 23, 1998, through January 31, 1998, and performed the bypass surgery. The plaintiffs, in a four count complaint, allege that the defendants were negligent in releasing the decedent from the hospital to her family's care instead of discharging her to a skilled nursing facility. Further, the plaintiffs allege that the defendants were negligent in performing an unnecessary procedure on the decedent, which caused her death on February 6, 1998. The plaintiffs have brought their claim pursuant to the wrongful death statute, General Statutes § 52-555.
On November 28, 2001, the Hospital of St. Raphael filed a motion for summary judgment and accompanying memorandum as to count three of the third amended complaint. Subsequently, on December 5, 2001, the Hospital of St. Raphael filed a supplemental motion for summary judgment claiming that although the original motion only addressed count three, the hospital was also entitled to judgment as to count four. The Hospital of St. Raphael brings this motion on the ground that the plaintiff has failed to produce expert testimony against the defendants on the issues of the standard of care, the alleged breach of the standard of care and causation and, thus, the hospital is entitled to judgment as a matter of law. In support of its motion, the Hospital of St. Raphael submitted uncertified deposition testimony of Maureen Montonye, R.N.; (Defendant's Memorandum, Exhibit A); progress notes (Defendant's Memorandum, Exhibit B); uncertified deposition testimony of Karen Scott, R.N.; (Defendant's Memorandum, Exhibit C); a copy of the discharge plan provided by the hospital; (Defendant's Memorandum, Exhibit C.1); uncertified deposition testimony of Raymond Michaud; (Defendant's Memorandum, Exhibit D); uncertified deposition testimony of Roger Michaud; (Defendant's Memorandum, Exhibit E); and uncertified deposition testimony of the plaintiffs' expert, Dr. David Bregman, M.D.; (Defendant's Memorandum, Exhibit F).[1]
On January 18, 2002, the plaintiffs filed a memorandum in opposition to the motion. In support of their opposition, the plaintiffs submitted the CT Page 6209 affidavits of the plaintiffs dated December 17, 2001, indicating that they believed that the decedent did not understand the instructions given to her after surgery; (Plaintiffs' Memorandum, Exhibits 1 2); the uncertified deposition testimony of Dr. Bregman; (Plaintiffs' Memorandum, Exhibit 3); a copy of the decedent's death certificate; (Plaintiffs' Memorandum, Exhibit 4); and the curriculum vitae of Dr. Bregman; (Plaintiffs' Memorandum, Exhibit 5).
On January 30, 2002, the plaintiffs filed a supplemental brief in support of their opposition to the motion and attached a portion of the deposition testimony of a nurse, Karen Scott. In response, on February 7, 2002, the Hospital of St. Raphael filed a reply memorandum arguing that Karen Scott's deposition testimony cannot create a disputed issue of material fact about the adequacy of the plaintiffs' expert testimony.
 II DISCUSSION
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins. Co.,259 Conn. 527, 550, 791 A.2d 489 (2002). "A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) H.O.R.S.E. of Connecticut, Inc. v. Washington,258 Conn. 553, 560, 783 A.2d 993 (2001).
"In every professional malpractice action, the plaintiff is required to prove that (1) the defendant was obligated to conform to a recognized standard of care, (2) the defendant deviated from that standard, (3) the plaintiff suffered some injury, and (4) the defendant's act in departing from the standard of care caused the plaintiff's injury. . . . No matter how negligent a party may have been, if his negligent act bears no relation to the injury, it is not actionable." (Citations omitted; internal quotation marks omitted.) Gordon v. Glass, 66 Conn. App. 852,855-56, 785 A.2d 1220 (2001), cert. denied, 259 Conn. 909, 789 A.2d 994
(2002).
As a preliminary matter, the court notes that the defendant relies CT Page 6210 heavily upon Dr. Bregman's deposition testimony in support of the motion. The deposition testimony submitted by both parties, however, is not certified. "The Appellate Court . . . has not conclusively established whether courts may . . . consider deposition testimony in deciding motions for summary judgment." (Internal quotation marks omitted.) Stevens v. Katz, Superior Court, judicial district of Danbury, Docket No. 336318 (December 10, 2001, Holden, J.); see Schratwieser v.Hartford Casualty Ins. Co., 44 Conn. App. 754, 756 n. 1, 692 A.2d 1238, cert. denied, 241 Conn. 915, 696 A.2d 340 (1997) (allowing the trial record to stand "without ruling on the propriety of deposition testimony when submitted with a motion for summary judgment"); Collum v. Chapin,40 Conn. App. 449, 450 n. 2, 671 A.2d 1329 (1996) (upholding the trial court's consideration of deposition testimony on a motion for summary judgment).
"[T]he Superior Court has been split as to whether deposition testimony, either uncertified or certified may be considered for the purposes of a motion for summary judgment. . . ." (Internal quotation marks omitted.) Stevens v. Katz, supra, Superior Court, Docket No. 336318; see also Defosses v. Blauvelt, Superior Court, judicial district of New Britain at New Britain, Docket No. 500393 (November 2, 2001,Quinn, J.) (court considered deposition testimony in ruling on motion for summary judgment); Campagnale v. Burton, Superior Court, judicial district of Litchfield, Docket No. 80334 (May 30, 2001, DiPentima, J.) (not improper for trial court to consider deposition testimony in ruling on a motion for summary judgment); Hyman v. Garced, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153421 (November 9, 1998, D'Andrea, J.) (court did not examine uncertified deposition testimony in ruling on a motion for summary judgment). But seeRosenberg v. Meriden Housing Authority, Superior Court, judicial district of New Haven at New Haven, Docket No. 377376 (October 29, 1999, Licari,J.) (see footnote three: court considered uncertified deposition testimony where opposing party failed to object to it). "[T]he trend in the Superior Courts is to consider certified but not uncertified, deposition testimony when ruling on a motion for summary judgment." (Internal quotation marks omitted.) Stevens v. Katz, supra, Superior Court, Docket No. 336318. Courts following this trend reason that "the court cannot consider . . . uncertified deposition testimony for the purposes of [a] motion for summary judgment because the transcript is not independently admissible as evidence and it fails to comply with the requirements of the Practice Book." (Internal quotation marks omitted.)Ricketts v. Sheresky, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 175446 (July 26, 2001,D'Andrea, J.); see also Stevens v. Katz, supra, Superior Court, Docket No. 336318; Candido v. Dattco, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 386861 (March 13, 1998, Hartmere,CT Page 6211J.). This court has followed the trend and previously declined to consider uncertified deposition testimony. Roy v. Ferraro, Superior Court, judicial district of New Britain, Docket No. 502798 (January 10, 2002, Wiese, J.).
The other evidence submitted by the defendant does not supply the facts material to the present motion, namely, what the standard of care is for discharge of patients from a hospital, whether there was a deviation from that standard of care in this situation and whether the deviation was the cause of the decedent's injury. Consequently, the evidence presented in support of the motion is insufficient to show that no genuine issue of material fact exists. Thus, the court denies the Hospital of St. Raphael's motion as to counts three and four of the plaintiffs' third amended complaint.
 III CONCLUSION
The Hospital of St. Raphael has not met its burden of submitting admissible evidence sufficient to establish the absence of any genuine issue of material fact. Therefore, the motion for summary judgment is denied.
BY THE COURT
 ___________________ PETER EMMETT WIESE, JUDGE