[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action was initiated by writ and complaint dated September 11, 2002. The plaintiffs, Barbara Langer, and her husband, Alexander S. Langer, allege that on or about August 10, 1999, the plaintiff was arrested pursuant to false accusations filed by the defendant, Keith Gorolo, who was the store manager of the defendant, Wine's Unlimited, Inc. It is alleged that as a direct result of these false and malicious statements to the Stratford Police, Barbara Langer was incarcerated for sixty days. The officers of Wines Unlimited, Inc., Gail Gorlo, Donald Gorlo and Kimberly Hayward, were also named as defendants. The plaintiffs' complaint also alleges intentional infliction of emotional distress and failure to supervise Keith Gorolo. It is averred that the police subsequently dropped all charges against Barbara Langer, for insufficient evidence.
On December 2, 2002, a motion for default for failure to plead was granted by the court. An answer and claim to the jury list was filed by the defendants on December 23, 2002, which automatically opened the default. Connecticut Rules of Practice § 17-32 (b).[1] In the defendants' Amended Answer dated February 3, 2003, the defendants raised the statutes of limitations as a special defense. The defendants now move this court for summary judgment for the reason that there is no dispute as to the material facts and that Connecticut General Statute § 52-577
bars the plaintiffs' action as a matter of law. The defendant filed a memorandum in support of this motion, without accompanying affidavits. The plaintiffs filed a memorandum in opposition, also without accompanying affidavits. The court heard oral argument on March 24, 2003, at which time Alexander S. Langer presented on behalf of himself and his wife, pro se.
Standard
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.)Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700 (1999). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
Discussion
General Statutes § 52-577 "is applicable to all actions founded upon a tort which do not fall within those causes of action carved out of § 52-577 and enumerated in . . . another section." (Internal quotation marks omitted.) Travelers Indemnity Co. v. Rubin, 209 Conn. 437,441, 551 A.2d 1220 (1988). General Statutes § 52-577 provides that "[n]o action founded upon a tort shall be brought but within three years from date of the act or omission complained of." "Thus, the three year limitation period of § 52-577 applies to all actions based on a tort unless there has been a specific statutory exclusion." TravelersIndemnity Co. v. Rubin, supra, 441. The plaintiffs' claims for intentional infliction of emotional distress, in Count Two, fall within the purview of this statute. See: Streater v. Kelly, No. CV 00 0435674 S, 2002 Ct. Sup. 12939 (Oct. 9, 2002, Robinson, J.).
Section 52-577 has been characterized as "an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." (Internal quotation marks omitted.) Rosenfield v. Rogin,Nassau, Caplan, Lassman Hirtle, LLC, 69 Conn. App. 151, 158,795 A.2d 572 (2002); see also Fichera v. Mine Hill Corp., 207 Conn. 204,212, 541 A.2d 472 (1988). "When conducting an analysis under [an occurrence statute], the only facts material to the trial court's decision on a motion for summary judgment are the date of wrongful conduct alleged in the complaint and the date the action was filed." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449,451, 671 A.2d 1329 (1996).
The plaintiffs' claim in Count One that the defendants falsely reported a crime, which constitutes defamation. See: Battista v. UnitedIlluminating Co., 10 Conn. App. 486, 492, 523 A.2d 1356 (1987). The statute of limitations for defamation and slander is Connecticut General Statute § 52-597, which provides that: "No action for libel or slander shall be brought but within two years from the date of the act complained of."[2]
In their complaint the plaintiffs assert that Barbara Langer was arrested on August 10, 1999, as a result of the alleged intentional and tortious actions of the defendants. Accordingly, the acts or omissions complained of by the plaintiff had already occurred as of that date. The plaintiffs' claims are governed by either a two or three year statute of limitations. Even under the longer of the two, action would need to be filed no later than August 10, 2002, which did not occur in this case.
The plaintiffs argue, without authority, that the statute of limitations was tolled until they received requested information from the police department, which occurred in March of 2000. Moreover, they opine, again without citing authority, that the statute is tolled until a fee waiver is granted, which occurred in this case in September 2002. The court finds no bases for these positions.
This matter is time barred by the applicable statutes of limitations; accordingly, the defendants' motion for summary judgment is granted.
By the Court,
Wolven, Judge