[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has sued Bridgewater Common, a condominium association that, the complaint alleges, maintained and controlled a common walkway in the condominium complex where the plaintiff claims that he fell and injured himself on ice on the morning of February 5, 1998. Plaintiff alleges that this defendant was negligent in allowing ice to remain on the walkway and in not providing other safety measures. Plaintiff has also sued defendant Denise Witzke, d/b/a Witzke Landscaping, whom defendant alleges had a contract with Bridgewater Common and was thus responsible for show and ice removal. Both defendants have filed motions for summary judgment claiming that neither owed any duty to plaintiff at the time of his injury because any snow or ice on the walkway was there as the result of an ongoing freezing rain storm. For the reasons set forth below, the court grants the motion of the defendant Denise Witzke and denies the motion as to the defendant Bridgewater Common. CT Page 15693
A court will grant summary judgment if, viewing the evidence in the light most favorable to the non-moving party, Elliot v.Waterbury, 245 Conn. App. 385, 715 A.2d 27 (1928), there is no genuine issue of material fact and the moving party would be entitled to a directed verdict on those facts. Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982). A material fact is one that will make difference in the result of the case. Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. NewBritain General Hospital, 239 Conn. 564, 582, 687 A.2d 111
(1996). A party opposing summary judgment, however, "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclose the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of] a motion for summary judgment". Home Ins. Co. v.Aetna Life and Casualty Co., 235 Conn. 202, 663 A.2d 1001 (1995). Summary judgment shall be rendered forthwith "if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Section 17-49.
The parties have presented two issues for the court to resolve here — whether deposition testimony is sufficient for the granting of summary judgment, and whether the defendants offer sufficient evidence that a freezing rain storm was in progress at the time of the fall. The predicate of these questions is based on the Supreme Court's holding in Kraus v.Newton, 211 Conn. 191, 197-98 (1989) that an owner "in the absence of unusual circumstances, a property owner . . . may await the end of a storm and a reasonable time thereafter before removing ice and show from outside steps and walks." As to the first issue, the court believes that is bound by the Appellate Court's recent decision in Collum v. Chapin, 40 Conn. App. 449,671 A.2d 1329 (1996), which appears to have settled this question on which trial court decisions had varied by holding that "[w]hile the plaintiff's deposition testimony is not conclusive as a judicial admission; General Statutes § 52-200; it is sufficient to support entry of summary judgment in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact . . ." Id at 454, fn 2.) CT Page 15694
As for the second issue, the deposition transcript and other evidence submitted by the parties on summary judgment establish that a freezing rain storm was in progress at the time the plaintiff fell. At his deposition, the plaintiff testified that at the time of his slip and fall, the current weather was "drizzle rain" with the ambient temperature "below freezing." (Transcript, p. 19, lines 5-10; page 102, lines 9-11.) An affidavit and accompanying weather report from Compu-Weather Experts, Inc. attached to supplemental memorandum of the defendant Denise Witzke confirms that between 5 and 7 a.m. — the time frame during which plaintiff alleges he fell — in Bridgewater, Connecticut, a freezing rain storm was in progress. The plaintiff submitted the very same weather report from Compu-Weather Experts to his own memorandum opposing the motions for summary judgment.
Ordinarily summary judgment is ill-adapted to negligence cases because negligence involves mixed questions of law and fact. Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 198,319 A.2d 403 (1972). Negligence only arises, however, upon breach of a duty owed, and "[t]he issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law. "There can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . Whether a duty of care exists is a question of law to be decided by the court." (Internal citations omitted.) Pion v.Southern New England Tel., 44 Conn. App. 657 660 691 A.2d 1107
(1997).
Under the rule of Kraus v. Newton, absent unusual circumstances neither defendant would have a duty to remove the snow and ice until the freezing rain stopped. The court finds sufficient question about the existence of "unusual circumstances" to deny summary judgment to the defendant Bridgewater Common. The plaintiff has alleged that the walkway on which he slipped was a pathway to the parking lot, that the walkway was a dark color on which black ice would be hard to see, that Bridgewater Common had not adequately lighted the walkway or placed hand rails on the sides of the walkway, and that Bridgewater Common had not adequately sanded or salted the walkway. It is certainly foreseeable that people would use the walkway during snow or ice storms. Whether the foreseeable use of the walkway during storms and snow or the foreseeability of ice accumulating on the sidewalk surface during those storms present "unusual circumstances" creating a duty to make the walkway safer CT Page 15695 for pedestrian use is not a question that can be decided on summary judgment. In ruling on a motion for summary judgment, the court is limited to deciding whether a genuine issue of material fact exists. Batick v. Sevmour, 186 Conn. 632, 647 (1982). The burden is upon the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. Fogarty v. Rashaw,193 Conn. 442, 445 (1984); Yanow v. Teal Industries. Inc.,178 Conn. 262, 268 (1979). The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict.United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,380 (1969). The court cannot say here that defendant Bridgewater Common would, on these facts, be entitled to a directed verdict.
As to the defendant Denise Witzke, however, the court finds differently. The duty to remove ice and snow does not arise until the storm has subsided. While the storm was still in progress, defendant Witzke had no duty to remove the snow or ice. The court's denial of the other defendant's motion for summary judgement results from the unique responsibilities of a landowner or property manager due to its control over the property that is not applicable to someone alleged to be liable solely by virtue of a responsibility to remove snow and ice (complaint, second count, paragraph two).
Accordingly, the motion for summary judgment of defendant Bridgewater Common is denied. The motion for summary judgment of defendant Denise Witzke, d/b/a Witzke Landscaping is granted.
SO ORDERED.
BY THE COURT
Stephen F. Frazzini, Judge of Superior Court