[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (#152)
The plaintiff, John Robinson ("Robinson") has brought this lawsuit against his former employer, Van Dyck Printing Co. (hereinafter "Van Dyke") and its majority shareholder and president, Leonard Drabkin ("Drabkin"). Robinson's amended complaint is in six counts. Counts one, two and three are stockholder derivative claims against Drabkin. Count one alleges breach of fiduciary duty, count two alleges unjust enrichment and count three alleges civil theft. Drabkin asserts that these three counts are time barred either by the three year statute of limitations set out in § 52-577 of the General Statutes or the doctrine of laches. Counts four, five and six are brought against Van Dyke. Count four, which is not covered by the present motion, alleges breach of contract. Count five asserts violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Count six alleges civil theft. Van Dyke claims that the CUTPA count is defective because it merely alleges breach of contract and nothing more, and that the civil theft count is also defective because it seeks to enforce a contract right as opposed to a conversion of property.
For the reasons set forth below, Drabkin's motion for summary judgment is denied as to counts one, two and three. As to count five (CUTPA), Van Dyke's motion for summary judgment is, in reality, a motion to strike. The CUTPA count is ordered stricken and Robinson has the right to plead over in accordance with the rules of practice. See Practice Book § 10-44. Van Dyke's motion for summary judgment as to count six (civil theft) is granted.
Background
Robinson was employed by Van Dyke Printing from 1980 to 1991. Thereafter, he claims to have maintained a business relationship with the company until 1993. During the time of Robinson's employment and continuing to the filing of this lawsuit, Drabkin was President and majority stockholder of Van Dyke Printing. Robinson was Van Dyke's comptroller and later its Chief Operating Officer. On January 1, 1991, Van Dyke Printing merged with Columbia Printing Company to form Van Dyke/Columbia.
Robinson alleges that Drabkin breached his fiduciary duties, was unjustly enriched, and committed civil theft by inappropriately authorizing dividends in 1987 of $130,813, 1988 of $80,900, 1989 of $59,000, and 1990 of $1,800. Robinson alleges that he was a shareholder in Van Dyke from 1987 through 1990 but CT Page 4650 did not receive any dividend payments during those years. Robinson also alleges that Drabkin used corporate funds of Van Dyke for personal expenses.
In 1987, Robinson purchased 15% of the shares in Van Dyke for $77,100. At or near the time of the stock purchase, Robinson and Van Dyke entered into a Stock Redemption Agreement that obligated Van Dyke to repurchase Robinson's shares upon his termination from employment. Robinson claims that Van Dyke breached the contract and his shares were never redeemed. Moreover, Robinson alleges that Van Dyke's conduct also constituted civil theft in violation of § 52-564 of the General Statutes.
Discussion
Drabkin's principal argument is that the tort counts directed against him (breach of fiduciary duty and civil theft) are barred by the three year statute of limitations set forth in §52-577.[1] As to the unjust enrichment count, Drabkin claims that it is barred by the doctrine of laches.
Summary judgment is an appropriate method to raise a claim that an action is barred by the statute of limitations, Doty v. Mucci,238 Conn. 800, 806 (1996); Burns v. Hartford Hospital,192 Conn. 451, 452 (1984). Summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period. Collum v. Chapin, 40 Conn. App. 449, 453 (1996). As in all summary judgment motions, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500
(1988).
Drabkin's argument is straightforward. He asserts that all of the conduct Robinson complains of, whether in the form of alleged improper dividends or alleged diversion of corporate assets for his personal expenses, occurred prior to January 1, 1991. Since the complaint in this case was filed on April 29, 1994 with a return date of May 31, 1994, the suit was brought more than three years after the tortious act complained of and is therefore time-barred by § 52-577. As to the unjust enrichment count, Drabkin concedes that the three year statute of limitations does not apply, but claims that on the record of this case, Robinson's delay in filing suit was so unreasonable as to bar equitable relief. CT Page 4651
Robinson acknowledges that the three year statute of limitations applies, but claims that because a fiduciary relationship existed between Drabkin and Robinson, the continuing course of conduct doctrine operates to toll the statute of limitations. Specifically, Robinson argues that as President of Van Dyke and its majority shareholder, Drabkin was in a fiduciary relationship with Robinson requiring him to adhere to a standard of good faith, honesty and fair dealing. See Pacelli Bros.Trans., Inc. v. Pacelli, 189 Conn. 401, 407 (1983). Moreover, Robinson asserts that this fiduciary relationship continued beyond January 1, 1991 and through time that suit was filed.
In the proper circumstances, the statute of limitations may be tolled under the continuous course of conduct doctrine thereby allowing a plaintiff to commerce suit at a later date. Blanchettev. Barrett, 229 Conn. 256, 265 (1994). To support a finding of a continuous course of conduct, there must be evidence of a breach of duty that remained in existence after the commission of the original wrong and that duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. Blanchette v. Barrett, supra, 229 Conn. 275. In order to prove that a duty continued to exist after a cessation of the act or omission relied upon, the evidence should establish either a "special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." Id.
One type of "special relationship" that has been recognized is that of a fiduciary. See Fichera v. Mine Hill Corporation,207 Conn. 204, 210 (1988) (fiduciary obligation imposes duty on perpetrators of a fraud to disclose their prior lack of candor);Blanchette v. Barrett, supra 229 Conn. 281 ("Under the continuing course of conduct doctrine, a fiduciary would be required to disclose what he knows").
In the present case, genuine issues of material fact exist as to the existence of a fiduciary relationship between Drabkin and Robinson as well Drabkin's discharge of that duty such that summary judgment is inappropriate. Accordingly, the motion for summary judgment is denied as to counts one and three. The motion is also denied as to count two since the issue of the reasonableness or unreasonableness of the delay in bringing suit also raises an issue of fact for the trier. CT Page 4652
Van Dyke's motion for summary judgment is not based on the statute of limitations but on the legal deficiencies in the CUTPA and civil theft counts. With respect to the CUTPA count, Van Dyke asserts that it alleges no more than a simple breach of contract with no claim as to deceptive or misleading conduct. The clear weight of superior court authority is that a simple breach of contract does not suffice to support a CUTPA claim. See PhillipsIndus. Serv. Corp. v. Conn. Light Power Co., 1999) and cases cited therein.
By his motion for summary judgment, Robinson is attacking the legal sufficiency of the CUTPA count. "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309 (1993).
Construed as a motion to strike, count five (CUTPA) is ordered stricken with Robinson having the right to file a substitute pleading in accordance with Practice book § 10-44.
In count six, Robinson alleges that Van Dyke's retaining of the amount due under the stock redemption agreement constituted theft entitling Robinson to treble damages pursuant to § 52-564.
Civil theft under § 52-564 is synonymous with larceny under §53a-119. Lawson v. Whitney Frame Shop, 42 Conn. App. 599, 604
(1996). Larceny is the intentional and wrongful taking, obtaining or withholding property from an owner, § 53a-119. Van Dyke relies on Delta Capital Group LLC v. Smith, 1998 WL 167293, (Conn.Super.Ct. march 31, 1998) (Hale, J.) to support its argument that Robinson's allegations concerning the redemption price are insufficient to make out a case of statutory theft.
In Delta Capital, the court observed that the plaintiff never had a right to the possession of the money involved outside of a right of action to enforce a contract. The court further noted that no Connecticut case holds that money owed by a debtor is the property of the creditor and allows for a cause of action in statutory theft when the debt is not paid. Id. at ** 4.
The reasoning of Delta Capital is applicable to this case as well. Robinson's legal claim to the stock redemption money derives exclusively from the contract between him and Van Dyke. He is the "owner" of the redemption money only insofar as the contract is enforceable against Van Dyke. As in Delta Capital, CT Page 4653 this is an inadequate factual predicate to support a claim for statutory theft under § 52-564.
Conclusion
For the reasons set forth above, the court rules that:
As to Counts one, two and three, the motion for summary judgment is denied.
As to Count five (CUTPA), the count is ordered stricken.
As to Count six (civil theft), the motion for summary judgment is granted.
So Ordered at New Haven, Connecticut this 24th day of April, 2000.
Devlin, J.