[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 28, 1999, the plaintiff, Jane C. Stevens, commenced an action against the defendants, Jane L. Katz and Robert J. Katz. On April 20, 2000, the plaintiff filed a seven count substitute complaint alleging the following facts. In or about 1996, the defendants began excavating, renovating, improving and making changes to their property. These changes continued until 1999, and included construction of a three story recreational building, .a tennis court and an in-ground pool, and paving of the areas around the pool. It also included moving, depositing, excavation, and delivering quantities of earth, sand, topsoil, and subsurface porous rock to the property and making topographical changes to the slope and grade of the property. The complaint also alleges that in August of 1997, the changes to the defendants' property began to cause flooding and erosion on the plaintiff's property, causing damage to her septic leaching fields, driveway, garage, pool and surrounding deck, patio, basement, toolshed, trees, shrubs and other plants.
On April 30, 2001, the defendants filed a motion for summary judgment on the claims the plaintiff makes in the first (diversion of surface waters), second (diversion of surface and subsurface waters), fourth (negligence), fifth (recklessness), sixth (negligent infliction of emotional distress) and seventh (intentional infliction of emotional distress) counts of the substitute complaint on the ground that the claims are barred by the applicable statutes of limitations. The CT Page 16327 defendants assert that there is no genuine issue of material fact as to the untimeliness of the plaintiffs claims under the applicable statutes of limitations.[1]
 DISCUSSION
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984). "A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449, 453,671 A.2d 1329 (1996).
In support of their motion for summary judgment, the defendants rely mainly on excerpts from the deposition testimony of the plaintiff and her husband. The defendants argue that this testimony proves that the plaintiff sustained and discovered the damage upon which her claims are based three to four years prior to commencing this action. The defendants assert that because the plaintiff knew of this actionable harm at that time, she is barred from bringing her claims. In opposition, the plaintiff argues that the evidence the defendants rely on consists of uncertified copies of deposition transcripts, which the court should not consider when ruling on this motion for summary judgment.
"The Appellate Court . . . has not conclusively established whether courts may . . . consider deposition testimony in deciding motions for summary judgment." Ricketts v. Sheresky, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 175446 (July 26, CT Page 16328 2001, D'Andrea, J.). "[T]he Superior Court has been split as to whether deposition testimony, either uncertified or certified, may be considered for the purposes of a motion for summary judgment . . . Schratwieser v.Hartford Casualty Ins. Co., 44 Conn. App. 754, 756 n. 1, 692 A.2d 1283, cert. denied, 241 Conn. 915, 696 A.2d 340 (1997). "The trend in the Superior Courts is to consider certified but not uncertified, deposition testimony when ruling on a motion for summary judgment." Rosenberg v.Meriden Housing Authority. Superior Court, Judicial District of New Haven at New Haven, Docket No. 377376 (October 29, 1999, Licari, J.) See also,Candido v. Dattco, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 386861 (March 13, 1998, Hartmere, J.); NationalGrange Mutual Ins. Co. v. Hartford Ins. Co. of the Midwest, Superior Court, judicial district of New Haven at New Haven, Docket No. 381595 (August 16, 1996, Licari, J.); Gallagher v. Jackson, Superior Court, judicial district of New Haven at New Haven, Docket No. 351594 (April 3, 1997, Clark, J.); Schulhof v. Stellato, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 138751 (January 9, 1996,Karazin, J.). Moreover, "[a] response to a question propounded in a deposition is not a judicial admission. . . . At trial, in open court . . . [a defendant] may contradict her earlier statement and a question for the jury to decide may then emerge." (Citations omitted.) Esposito v.Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985). "The primary purpose of a deposition . . . is discovery." (Internal quotations marks omitted.) Id. The defendants failed to submit certified copies of deposition testimony. Accordingly, the court will not consider these uncertified transcripts in ruling on the motion for summary judgment.
The court will, however, consider the affidavits submitted by both parties. The affidavits establish that there are genuine issues of material fact as to the timing of plaintiff's claims under the applicable statutes of limitations. General Statutes § 52-584 governs the plaintiffs claims in negligence, recklessness, and negligent infliction of emotional distress. It "requires a plaintiff to file suit within two years of discovering the injury or be forever barred from suit." Barnesv. Schlein, 192 Conn. 732, 738, 473 A.2d 1221 (1984). "[A]n injury occurs when a party suffers some form of actionable harm." (Internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., supra,248 Conn. 26. "Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injury." (Internal quotation marks omitted.) Mountaindale Condominium Assn. Inc.,v. Zappone, 59 Conn. App. 311, 323, 757 A.2d 608, cert. denied,254 Conn. 947, 762 A.2d 903 (2000). In order to prevail, the defendants must demonstrate that there is no genuine issue of material fact as to whether the plaintiff knew of actionable harm prior to June 28, 1997, two years prior to the date she commenced this suit. The defendants submit CT Page 16329 the affidavits of Roderick Thorne, the general contractor, and Robert Katz, the defendant homeowner. These affidavits do not establish that the plaintiff knew of actionable harm prior to June, 1997. The statements made in these affidavits concern when the construction work on the property was completed. The plaintiff, on the other hand, submits her own affidavit in which she states that she noticed a change in the amount of water on the surface of her property in 1996, but thought it was a one-time occurrence. She also states that some time after that, she began to notice flooding and other problems only after it would rain. Finally, she states that in August, 1997, she knew of flooding and erosion on her property. This affidavit evidence establishes that there is a genuine issue of material fact as to whether plaintiff knew of actionable harm prior to June 28, 1997. Accordingly, the motion for summary judgment as to the plaintiffs negligence, recklessness, and negligent infliction of emotional distress claims are denied.
The plaintiffs claims regarding diversion of surface and subsurface water and her claims for intentional infliction of emotional distress are governed by General Statutes § 52-577 which provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "The date of the act or omission complained of is the date when the negligent conduct of the defendant occurs and is not the date when the plaintiff first sustains damage. . . ." (Internal quotation marks omitted.) Prokolkin v. GeneralMotors Corp., 170 Conn. 289, 297, 365 A.2d 1180 (1976); see also Collumv. Chapin, supra, 40 Conn. App. 451. In order to prevail, the defendants must establish that there is no question that their alleged wrongful conduct occurred more than three years prior to June 28, 1999, the date upon which the plaintiff commenced this action. Again, Thorne and Katz state in their affidavits that all construction work on the buildings was complete by March, 1995. Therefore, the defendants assert, their alleged wrongful conduct must have taken place by that time, thereby making the plaintiff's suit untimely. Thorne also states in his affidavit, however, that placement of topsoil and sod and/or grass was still pending at that time. There is no evidence to establish when this placement was complete. In addition, the plaintiff states in her affidavit that the defendants are still making improvements to the property, including planting and removing trees and adding topsoil. Changes to the topography of the defendants' property could cause increased water flow to the plaintiffs property, thereby causing damage.
The affidavits establish that a genuine issue of material fact exists as to what the defendants' alleged wrongful conduct was and when it occurred. Accordingly, the defendants' motion for summary judgment on the plaintiffs claims regarding diversion of surface and subsurface waters and for intentional infliction of emotional distress are denied. CT Page 16330
 CONCLUSION
The defendants' motion for summary judgment on the diversion of surface waters, diversion of surface and subsurface waters, negligence, recklessness, negligent infliction of emotional distress and intentional infliction of emotional distress claims are all denied.
Holden, J.