[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
This is a motion for summary judgment brought by the defendant Market Scan Information Systems. Inc., against the plaintiffs Harte Nissan Inc., and Newburgh Nissan Inc., as to counts three, four and eight of the plaintiffs' second amended complaint. The underlying suit arises out of an agreement between Market Scan and Harte Nissan in which Market Scan was to provide computer equipment and software known as the "Lease Prophet' system for use in Harte Nissan's automobile dealerships. Under the terms of the agreement. to which Harte Nissan was the only signatory. computer equipment and services were to be provided for Harte Infiniti in Hartford, George Harte Nissan in West Haven and George Harte Infiniti in West Haven Alleging that the performance of the "Lease Prophet" system did nor satisfy the terms of the agreement. Harte Nissan filed its original complaint against Market Scan on August 17, 1999. This complaint consisted of two counts: breach of contract and unjust enrichment.
On October 2, 2000. Harte Nissan moved to add Newburgh Nissan as a party plaintiff. This motion was granted from the bench, Levine J., over Market Scan's objection Newburgh Nissan was added to the suit because, although not a party to the original contract. Harte Nissan requested that the "Lease Prophet" computer system originally located at George Harte Infiniti in West Haven be relocated to Newburgh Nissan It is alleged that instead of relocating the computer system, Market Scan kept it within its possession and induced Newburgh Nissan to enter into a new contract for the same system and services. Newburgh Nissan was allegedly; not informed by Market Scan prior to entering into this new agreement that it was entitled to receive a "Lease Prophet" system from Harte Nissan Subsequent to the addition of Newburgh Nissan, an amended complaint was filed on January 25, 2002 that added counts addressing the relocation of the computer system. Specifically, the plaintiffs added counts alleging conversion, fraudulent inducement, breach of contract, unjust enrichment, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et seq. A second CT Page 757 amended complaint was then filed on April 29. 2002.
Market Scan moves for summary judgment on the ground that there are no genuine issues of material fact and it is entitled to judgment as a matter of law because counts three four and eight of the plaintiffs' second amended complaint, which sound in conversion fraudulent inducement, and CUTPA respectively. are barred by the statute of limitations. Market Scan argues that it is undisputed that the date of the wrongful act or occurrence on which these claims are based is no later than December 22, 1998, because that is the date which plaintiffs' amended complaint alleges Newburgh Nissan was induced to enter into a new contract with Market Scan Because this date is more than three years prior to the filing of the amended complaint. Market Scan argues that counts three, four and eight are thus barred by the statute of limitations. Market Scan also argues that counts three, four and eight of the plaintiffs second amended complaint do not relate back to the filing of the original complaint thus saving them from being barred by the statute of limitations, because they allege a new and different cause of action Market Scan further argues that the addition of a new plaintiff does not affect the relation back of new claims and does not relieve the plaintiff's burden of complying with the statute of limitations. Finally, Market Scan argues that the continuing course of conduct doctrine does not apply to this case. In support of its motion Market Scan submits a memorandum of law, a reply memorandum, a copy of the plaintiff's complaint, a copy of the amended complaint, a certified deposition transcript of Candace Platte, Harte Nissan's Comptroller, and an uncertified copy of the "Lease Prophet NON-EXCLUSIVE License Agreement" between Market Scan and Harte Nissan.
Harte Nissan and Newburgh Nissan oppose summary judgment on the around that there are numerous disputed issues of material fact and Market Scan is not entitled to judgment us a matter of law. Specifically, the plaintiffs argue that a dispute exists as to when the wrongful act or occurrence took place. Furthermore, it is argued that the counts involved in the present motion relate back to the filing of the original complaint. Harte Nissan and Newburgh Nissan also argue that their claims should not be barred because Market Scan engaged in a continuing course of conduct that tolled the statute of limitations. Finally, the plaintiffs argue that the court has the discretion to allow amendments at any time, even after the statute of limitations has passed. In support, Harte Nissan and Newburgh Nissan submit a certified deposition transcript of Candace Platt, a copy of a letter sent to Ms. Platt on April 8, 1998 from Adam Kincaid of Market Scan and an uncertified copy of the December 22, 1998 license agreement entered into between Market Scan and Newburgh Nissan. CT Page 758
 DISCUSSION
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted: internal quotation marks omitted.) Gaynor v.Payne, 261 Conn. 585, 590, 804 A.2d 170 (2002). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. Burns v.Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). "[T]he `genuine issue' aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citation omitted: internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins. Co.,259 Conn. 527, 556, 791 A.2d 489 (2002).
Relation Back
"The relation back doctrine has been well established. . . . A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles him to relief. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations. namely, to protect parties from having to defend against stale claims." Alswanger v. Smego, 257 Conn. 58, 65, 776 A.2d 444 (2001) See also Barreu v. Danbury Hospital, 232 Conn. 242, 263-64, 654 A.2d 748
(1995). CT Page 759
Whether an amendment to a complaint relates back to the filing of the original complaint hinges anon whether the new allegations "inject two different sets of circumstances and depend on different facts. . . ." (Citation omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 549, 590 A.2d 914 (1991). If the defendant would be "required to gather different facts, evidence and witnesses to defend the amended claim," then a new cause of action has been alleged.Alswanger v. Smego, supra, 257 Conn. 66. For example, in Gurliacci v.Mayer, supra, 218 Conn. 531, the plaintiff amended her complaint to reiterate a claim of negligence based on the operation of a motor vehicle, and also added an allegation that the defendant was acting either wilfully, wantonly, and maliciously or outside the scope or his employment. The court held that the new allegation merely "amplified and expanded upon the previous allegations by setting forth alternate theories of liability." Id., 549. The new allegations did not "negate the identity of the cause of action . . .," because the defendant "had adequate notice that a claim was being asserted against him arising out of the alleged motor "vehicle accident." (Citation omitted, internal quotation marks omitted.) Id., 549.
On the other hand, in Sharp v. Mitchell, 209 Conn. 59, 73, 546 A.2d 846
(1988), the relation back doctrine was found not to apply where the original complaint alleged negligent supervision of employees and the amended complaint alleged negligent design and construction of an underground storage area. The court based its decision on the ground that "evidence concerning whether the defendant . . . was negligent when he sent three employees into a dangerous area is not necessarily relevant to evidence concerning who designed and constructed the underground area." Id., 73-74. The complaints involved "two different sets of circumstances and depend on different facts to prove or disprove the allegations of a different basis of liability." Id., 73.
In the present case, Harte Nissan and Newburgh Nissan have amended their complaint. after the expiration of the statute of limitations, to add counts which allege, inter alia. conversion, fraudulent inducement, and CUTPA violations. The original complaint alleged merely breach of contract and unjust enrichment. These new counts do not relate back to the filing of the original complaint because they involve different factual circumstances of which Market Scan was not given fair notice by the original complaint. In order to defend against the amended claim, Market Scan would have to gather different facts, evidence and witnesses than would have been necessary under the original complaint. Alswangerv. Smego, supra. 257 Conn. 66. In order to defend against these new counts, evidence would have to be obtained regarding when the request was CT Page 760 made to relocate the computer system. who received he request, what representations were made regarding the relocation of the system, and what actually happened to the system in question Much of this evidence is irrelevant under the original complaint, which concerns only whether the system performed properly. Id., 67. Market Scan was not given adequate notice that a claim was being asserted against it resulting from the relocation of the computer system. The court finds the amended complaint states a new cause of action, and counts three, four and eight do not relate back to the filing of the original complaint. These counts are thus barred by the statute of limitations.
Statute of Limitations
 Count Four: Fraudulent Inducement
Fraudulent inducement is subject to a three-year statute of limitations. "The three-year limitation of [General Statutes] § 52-577
is applicable to all actions founded upon a tort which do not fail within those causes of action carved out of [General Statutes] § 52-584 or another section" Collens v. New Canaan Water Co., 155 Conn. 477, 491,234 A.2d 825 (1967). "Fraud claims, which would include a claim of fraudulent misrepresentation or fraudulent inducement to enter into a transaction, are governed by § 52-577." Dime Savings Bank of New Yorkv. Fucetola, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 91 0286416 (February 25, 1994, Fuller, J.). See also Rosenblatt v. Berman, 143 Conn. 31, 39, 119 A.2d 118 (1955).
General Statutes § 52-577 provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast,Lahan King, P.C., 32 Conn. App. 786, 790, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). The start of the limitation period is not to be delayed "until the cause of action has accrued or the injury has occurred." Id., 790-91. See also Prokolkin v. General MotorsCorp., 170 Conn. 294-97, 365 A.2d 1180 (1976).
"When conducting an analysis under § 52-577, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Internal quotation marks omitted.) Collumv. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996). As discussed above, because the relation back doctrine does not apply to this case, it CT Page 761 is undisputed that the counts at issue in this motion were filed on January 25, 2002. Therefore, the only remaining issue is the date of the wrongful conduct alleged.
The act of fraudulent inducement complained of by Harte Nissan and Newburgh Nissan did not occur within three years of the filing of the amended complaint and it is thus barred by the statute of limitations. "The essential elements of an action in common law fraud . . . are that (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it: (3) it was made to induce the other party to act upon it: and (4) the other party did so act upon that false representation to his injury." (Internal quotation marks omitted.) Suffield Development Associates Ltd. Partnership v. NationalLoan Investors, L.P., 260 Conn. 766, 777, 802 A.2d 44 (2002). It has been alleged that false representations were knowingly made by a Market Scan salesperson, and based on these representations Newburgh Nissan was induced to enter into a new contract, and did in fact enter into a new contract with Market Scan According to Harte Nissan and Newburgh Nissan's own complaint. these events all occurred on December 22, 1998, as that is the date on which a Market Scan salesperson was sent to Newburgh Nissan and the two parties signed the new contract. Therefore, because all of the elements of fraudulent inducement were satisfied on this day is the latest possible date on which the "act or occurrence complained of" could have taken place. The alleged date of December 22, 1998, has been admitted by the defendant Market Scan in its answer, and is therefore undisputed.[1] The court finds that because this date is more than three years prior to the filing of the complaint, it is barred by General Statutes § 52-577 and summary judgment shall be granted in favor of Market Scan as to count four of the second amended complaint.
 Count Eight: Connecticut Unfair Practices Act ("CUTPA"). General Statutes § 42-110a et seq
CUTPA is subject to a three year statute of limitations. General Statutes § 42-110g (f) states that "[a]n action under this section may not be brought more than three years after the occurrence of a violation of this chapter." "Unlike the statutes of limitation of some other states applicable to unfair trade practices legislation analogous to our CUTPA, which expressly allow a certain period following the discovery of the deceptive practice for commencing suit . . . §42-110g (f) provides only that an action must be brought within three years from the date of the act or omission complained of." Fichera v.Mine Hill Corp. , 207 Conn. 204, 212, 54 A.2d 472 (1988). The language of § 42-110g (f) is similar to that of General Statutes § 52-577, and thus it also "precludes any construction thereof delaying the start CT Page 762 of the limitation period until the cause of action has occurred." Id.
In order to establish a CUTPA violation, the plaintiff must prove that it was injured by "unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). See alsoJohnson Electric Co. v. Salce Contracting Associates, Inc,.72 Conn. App. 342, 348, 805 A.2d 735 (2002). The only violations of CUTPA alleged in the complaint are that Market Scan knowingly deceived Harte Nissan by falsely representing that it would move the computer system to Newburgh Nissan, and that Market Scan knowingly deceived Newburgh Nissan by falsely representing that it must lease a new computer system. Fichera v. Mine HillCorp., supra, 207 Conn. 213. The latest that either of these two events could have occurred was on December 22, 1998, as that is the alleged date on which Newburgh Nissan was induced to enter into a new contract because of the false representations made by a Market Scan salesperson. As discussed above, because this date has been alleged by Harte Nissan and Newburgh Nissan and has been admitted by Market Scan, it is therefore undisputed. The court finds that because this date is more than three years prior to the filing of the complaint, it is barred by General Statutes §42-110g (f) and summary judgment shall be granted in favor of Market Scan as to count eight of the second amended complaint.
 Count Three: Conversion
The tort of conversion is subject to the three year statute of limitations of General Statutes § 52-577. Collens v. New Canaan WaterCo., supra, 155 Conn. 491; D'Occhio Connecticut Real Estate Commission,189 Conn. 162, 182, 455 A.2d 833 (1983). Market Scan has failed to provide sufficient evidence as to when the conversion of the computer system took place, and therefore its motion for summary judgment as to count three is denied.
"Conversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights." Wellington Systems, Inc. v. Redding Group, Inc.,49 Conn. App. 152, 169, 714 A.2d 21, cert. denied, 247 Conn. 905,720 A.2d 516 (1998). In support of its argument that the conversion took place more than three years prior to the filing of the complaint, Market Scan merely relies on paragraph fourteen of count eight of the amended complaint. This paragraph alleges that at the time a salesperson was sent to Newburgh Nissan, the computer system had been converted by Market Scan. This paragraph was denied, however, in Market Scan's amended answer and therefore cannot be relied upon as conclusive proof. In the absence CT Page 763 of any other evidence establishing when the conversion took place, Market Scan has not satisfied its burden "The party seeking summary judgment has the burden of showing the absence of any genuine issue "[of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citation omitted; internal quotation marks omitted.) Gaynor v. Payne, supra, 261 Conn. 590-91. The court finds that because a genuine issue of material fact exists as to whether count three is barred by § 52-577, Market Scans motion for summary judgment is denied as to that count.
Continuing Course of Conduct
Harte Nissan and Newburgh Nissan have argued that summary judgment should not be granted as to counts three, four and eight because a continuing course of conduct existed between the parties which tolled the statute of limitations. "[I]n order to support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior commencement of the period allowed for bringing an action for such a wrong." (Internal quotation marks omitted.) Blanchettev. Barrett, 229 Conn. 256, 275, 640 A.2d 74 (1994). Where it has been found "that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) Id.
Either a special relationship between the parties or some later wrongful conduct must be alleged in the complaint to provide a basis for the finding of a continuing course of conduct. Fichera v. Mine HillCorp,. supra, 207 Conn. 209-213; Collum v. Chapin, supra.40 Conn. App. 453. In Collum, the Appellate Court upheld the decision of the trial court not to consider the plaintiff's claim of a continuing course of conduct where the plaintiff did not allege in his complaint that the defendants engaged in any activity sub sequent to the original act complained of. Id., 453. In Fichera, the court held that statute of limitations was not tolled where the plaintiffs did not claim any relationship with the defendants that would create a duty continuing after the plaintiff purchased land based on misrepresentations made by the defendants. The court stated that "[w]e are aware of no authority holding that the perpetrator of a fraud involving merely a vendor-vendee relationship has a legal duty to disclose his deceit after its occurrence and that the breach of that duty will toll the statute of limitations. Such a relationship does not give rise to obligations equivalent to those CT Page 764 of a fiduciary." Id., 210. The court in Fichera also found that no later acts were alleged which could be regarded as a continuing misrepresentation, and therefore held that the statute of limitations was not tolled by the continuing course of conduct doctrine. Id., 211-13.
In the present case, Harte Nissan and Newburgh Nissan have not alleged any wrongful acts occurring after December 22, 1998, the date that Newburgh Nissan entered into its agreement with Market Scan. Harte Nissan and Newburgh Nissan have also not alleged that any special relationship exists between themselves and Market Scan As established by Fichera, the act of entering into an agreement for the purchase of computer equipment and software does not, by itself, create the type of special relationship necessary for the doctrine to apply. Id., 210. Because no facts have been alleged from which it could be determined that Market Scan was under a continuing duty, the statute of limitations has not been tolled.
 CONCLUSION
For the reasons stated, summary judgment is granted as to counts as to counts four and eight, and denied as to count three.
 BY THE COURT ___________________ Brian T. Fischer, Judge